ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
RUI WANG
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: rui.wang@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Jose Pastrano-Rios,<br><br>　　　　Defendant. | CR-17-926-TUC-RCC (BGM)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to the Information charging the defendant with a violation of 8 U.S.C. § 1324(a)(2)(B)(ii), Bringing in of Illegal Alien(s) for Profit, a felony.

## ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

1. The defendant knew or was in reckless disregard of the fact that alien(s) had not received prior official authorization to come to, enter, or reside in the United States.

2. The defendant did knowingly bring to the United States in any manner whatsoever, such alien(s), regardless of any official action which may later be taken with respect to such alien(s).

3. The defendant committed the offense for the purpose of commercial advantage or private financial gain.

## STIPULATIONS, TERMS AND AGREEMENTS

### Maximum Penalties

A violation of 8 U.S.C. § 1324(a)(2)(B)(ii), is punishable by a maximum fine of $250,000.00, or a term of imprisonment of not more than 10 years, or both, plus a term of supervised release of three years and a special assessment of $100. The special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to 18 U.S.C. Chapters 227 and 229.

### Agreements Regarding Sentence

1. Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that **Five (5) Years** imprisonment is an appropriate disposition of this case.[1]

2. The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the court authorizes (a) any downward departure; (b) any reduction of criminal history category which differs from that set forth in the Presentence report; or (c) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Rule 11(c)(5), Fed. R. Crim. P., it may reject the plea agreement, giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

3. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.

---

[1] The parties acknowledge that the above sentencing range may require the Court to depart under U.S.S.G. §5K2.21, based on Dismissed Conduct, or any other departures or variances that the Court finds appropriate.

-2-

Under federal law, a broad range of crimes are removable offenses, including the offenses(s) to which defendant is pleading guilty. Removal and other immigration consequences are subject to a separate proceeding, however, defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

## Plea Addendum

4. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contained all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence consistent with this agreement, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range or below the stipulated range if the Court grants a variance. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant

1 acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack
2 the defendant might file challenging his/her conviction or sentence in this case. If the
3 defendant files a notice of appeal or a habeas petition, notwithstanding this agreement,
4 defendant agrees that this case shall, upon motion of the government, be remanded to the
5 district court to determine whether defendant is in breach of this agreement and, if so, to
6 permit the government to withdraw from the plea agreement. This waiver shall not be
7 construed to bar a claim of ineffective assistance of counsel or an otherwise-preserved
8 claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics
9 Op. 15-01 (2015)).

## Reinstitution of Prosecution

11 Nothing in this agreement shall be construed to protect the defendant in any way
12 from prosecution for perjury, false declaration or false statement, or any other offense
13 committed by the defendant after the date of this agreement. In addition, if the defendant
14 commits any criminal offense between the date of this agreement and the date of
15 sentencing, the government will have the right to withdraw from this agreement. Any
16 information, statements, documents and evidence which the defendant provides to the
17 United States pursuant to this agreement may be used against the defendant in all such
18 proceedings.

19 If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
20 court in a later proceeding, the government will be free to prosecute the defendant for all
21 charges as to which it has knowledge, and any charges that have been dismissed because
22 of this plea agreement will be automatically reinstated. In such event, the defendant waives
23 any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth
24 Amendment to the Constitution as to the delay occasioned by the later proceedings.
25 Defendant agrees that the stipulated sentencing ranges set forth under "Agreements
26 Regarding Sentence" will not be offered if prosecution is re-instituted.
27 / /
28 /

### Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

### Effect on Other Proceedings

I further understand that if I violate any of the conditions of my supervised release, my supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

### WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

| | |
|---|---|
| 1 | I agree that this written plea agreement contains all the terms and conditions of my plea |
| 2 | and that promises made by anyone (including my attorney) that are not contained within |
| 3 | this written plea agreement are without force and effect and are null and void. |
| 4 | I am satisfied that my defense attorney has represented me in a competent manner. |
| 5 | I am not now on or under the influence of any drug, medication, liquor, or other |
| 6 | intoxicant or depressant, which would impair my ability to fully understand the terms and |
| 7 | conditions of this plea agreement. |

### FACTUAL BASIS AND SENTENCING FACTOR

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> On or about May 11, 2017, I brought a group of nine illegal aliens into the United States near Lukeville, Arizona. Among the group were material witnesses from Guatemala and El Salvador, including: Alex Lopez, J. Z.-C., Miguel Lozano-Carcamo, and juvenile M. E.-A.. I knew the people in the group had not received prior official authorization to come into the United States and I was going to be, or was, paid to guide them in entering the United States.

Date: 11-2-17      JOSE PASTRANO RIOS
                    Jose Pastrano-Rios
                    Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure

the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the __2__ day of __November__, 2017.

Date: __11-2-17__

Charles Thomas, Esq.
Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

Date: __11/7/17__

RUI WANG
Assistant U.S. Attorney